# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONATHAN A. BROWNLEE, III, | : | |
|     Plaintiff | : | |
| | : | No. 1:18-cv-01318 |
| v. | : | |
| | : | (Judge Kane) |
| MONROE COUNTY CORRECTIONAL | : | |
| FACILITY, | : | |
|     Defendant | : | |

## MEMORANDUM

On June 29, 2018, the Court received and docketed a complaint filed by pro se Plaintiff Jonathan A. Brownlee, III ("Plaintiff"), pursuant to 28 U.S.C. § 1983. (Doc. No. 1.) Also before the Court are Plaintiff's motions for leave to proceed in forma pauperis (Doc. Nos. 5, 13), motion for an extension of time to submit a prisoner trust fund account statement (Doc. No. 11), and motion to appoint counsel (Doc. No. 12). Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), the Court will perform its mandatory screening of the complaint prior to service.

## I. BACKGROUND

Plaintiff, currently confined at the Lackawanna County Prison, Scranton, Pennsylvania, filed the instant civil action against Monroe County Correctional Facility ("MCCF"), in connection with an incident that allegedly occurred while Plaintiff was incarcerated at that institution. (Doc. No. 1.) Plaintiff alleges that "[l]ess than 2 years prior to June 24, 2018" while incarcerated at MCCF, he overheard correctional officers stating that they were planning on placing Plaintiff in a cell with an inmate who had previously threatened to rape him. (Id. at 2.) Plaintiff alleges that he wrote a request slip to the correctional officers pleading that they not move him into the same cell with the individual because he had threated Plaintiff sexually in the past. (Id. at 3.) Despite Plaintiff's pleas, the correctional officers moved Plaintiff into the same

cell as the individual who previously threatened Plaintiff. (Id.) Plaintiff alleges that very night, he was raped by the inmate. (Id.) Plaintiff requests eighty million dollars as relief. (Id.)

Plaintiff also filed supplemental papers with the Court stating that he did not exhaust his administrative remedies because of the urgency of the matter. (Doc. No. 10.) Specifically, Plaintiff provides that while he is aware of the grievance procedure, he only submitted a request slip to correctional officers prior to the rape incident, asking that he not be placed in the same cell as the individual who had previously threatened him. (Id. at 1.) Plaintiff maintains that because this was such a time sensitive matter, he did not have time to properly exhaust the administrative procedure. (Id.) Plaintiff does, however, allege that he reported the rape and that local police, the supervising correctional officers and medical staff noted the report and examined him. (Doc. No. 1 at 3.) On August 3, 2018, Plaintiff filed a letter with the Court seeking to amend his complaint to add as Defendants the Warden of MCCF and two additional MCCF John Doe correctional officers. (Doc. No. 14 at 2.)

## II. LEGAL STANDARD

### A. Screening of Plaintiff's Complaint

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). If a complaint fails to state a claim upon which relief may be granted, the court must dismiss the complaint. 28 U.S.C. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions. See 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."); 42 U.S.C. § 1997e(c)(1) ("The

Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct: "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. See Iqbal, 556 U.S. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). However, the court must not

accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the context of pro se prisoner litigation specifically, a district court must be mindful that a document filed pro se is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle, 429 U.S. at 106) (internal quotation marks omitted).

### B. Civil Rights Statute, 42 U.S.C. § 1983

In order to state a viable claim under § 1983, a plaintiff must plead (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990); Richardson v. Min Sec Cos., No. 3:cv-08-1312, 2008 WL 5412866, at *1 (M.D. Pa. Dec. 29, 2008).

Moreover, in order for a § 1983 claim to survive a motion to dismiss, the plaintiff must sufficiently allege that the defendant was personally involved in the act or acts that the plaintiff

4

claims violated his rights. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Solan v. Ranck, 326 F. App'x 97, 100 (3d Cir. 2009). Therefore, supervisors cannot be liable under § 1983 on the traditional standard of respondeat superior. Santiago, 629 F.3d at 128. Instead, there are two theories of supervisory liability that are applicable to § 1983 claims: (1) "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"; and (2) policymakers may also be liable under § 1983 "if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004).

### III. DISCUSSION

#### A. Monroe County Correctional Facility

MCCF is the only named Defendant in the instant complaint. (Doc. No. 1.) However, MCCF is not an entity subject to suit under 42 U.S.C. § 1983 and will be dismissed with prejudice pursuant to the screening provisions of the PLRA. See Smith v. Samuels, No. 3:12-cv-524, 2013 WL 5176742, at *4 (M.D. Pa. Sept. 12, 2013) ("Courts have repeatedly recognized that a prison or correctional facility is not a person for purposes of civil rights liability."). Additionally, it is well-settled that neither a state nor its agencies are considered a "person" as that term is defined under § 1983 and, therefore, are not subject to a § 1983 suit. Hafer v. Melo, 502 U.S. 21, 25-27 (1991); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that a state may not be sued in federal court pursuant to § 1983, and is not a "person"

for purposes of that provision). Consequently, MCCF will be dismissed from this action with prejudice.[1]

### B. PLRA Exhaustion

The PLRA "mandates early judicial screening of prisoner complaints and requires prisoners to exhaust prison grievance procedures before filing suit." See 42 U.S.C. § 1997(e)(a); Jones v. Bock, 549 U.S. 199 (2007). Section 1997(e) provides, in relevant part "[n]o action shall be brought with respect to prison conditions under section 1983 of the Revised Statutes of the United States, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e).

The Supreme Court has explicitly provided that all prisoners must exhaust their administrative remedies as to any claim that arises in the prison setting, regardless of the kind of relief sought. See Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, the exhaustion of available administrative remedies is required before filing a civil rights action under § 1983. See Perazzo v. Fisher, Civ. No. 11-1505, 2012 WL 1964419, at *1 (M.D. Pa. May 31, 2012) (citing

---

[1] While Plaintiff's August 3, 2018 letter requests that the Court add the Warden of MCCF and two John Doe correctional offices as Defendants in this matter (Doc. No. 14 at 2), the same is not presented as a motion and consequently, the Court can neither grant nor deny the relief as presently requested. Nevertheless, because the Court has screened the complaint and is dismissing the only named Defendant therein, the Court will grant Plaintiff thirty days leave in which to file an amended complaint, and name appropriate Defendants. Plaintiff is cautioned, however, that to the extent he intends to name the Warden of MCCF, in order to be liable under § 1983, a supervisor must have "participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations" or "such defendants, 'with deliberate indifference to the consequences, [must have] established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" A.M. ex rel. J.M.K., 372 F.3d at 586. Plaintiff must plausibly allege supervisory liability or personal involvement in the constitutional violations as to each Defendant in order for his amended complaint to state a claim on which relief can be granted.

42 U.S.C. § 1997(e)(a)); Jones v. Lorady, Civ. No. 11-666, 2011 WL 2461982, at *4 (M.D. Pa. June 17, 2011) (dismissing prisoner complaint sua sponte for failure to exhaust administrative remedies prior to initiating federal action). "[I]t is beyond the power . . . of any [court] to excuse compliance with the exhaustion requirement" of § 1997(e). Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000); see also Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004).

While the exhaustion requirement is an affirmative defense that must be pleaded and proven by a defendant, and a prisoner need not allege that he has exhausted his administrative remedies, Jones, 549 U.S. at 216, the Court may sua sponte dismiss an action where the Plaintiff's failure to exhaust is clear on the face of the complaint. McPherson v. United States, 392 F. App'x 938 (3d Cir. 2010); Ray v. Kertes, 285 F.3d 287, 293 n.5 (3d Cir. 2002); see also Booth v. Churner, 2016 F.3d 289 (3d Cir. 2000) (affirming sua sponte dismissal where prisoner plaintiff conceded that he did not exhaust administrative remedies); Perazzo, 2012 WL 1964419, at *1 (dismissing case sua sponte for failure to exhaust administrative remedies where plaintiff indicated in the complaint that the grievance process was not complete but was at the "last stage").

In order to properly exhaust, the prisoner must complete the administrative review process in accordance with the procedural rules governing the prison grievance system. Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S. at 88) (citation omitted); see also Strong v. David, 297 F.3d 646, 649 (7th Cir. 2002) ("Section 1997e(a) does not delineate the procedures prisoners must follow."). "Substantial compliance" with the statutory exhaustion requirement is insufficient. Harris v. Armstrong, 149 F. App'x 58, 59 (3d Cir. 2005).

While it "is beyond the power of t[he] court . . . to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis," the Third Circuit

7

has recognized a narrowly-defined exception to the exhaustion requirement. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000). Specifically, where the actions of prison officials directly cause the procedural default, the inmate may not be held to strict compliance with the exhaustion requirement. See Camp v. Brennan, 219 F.3d 279 (3d Cir. 2000). However, an inmate's failure to exhaust will only be excused upon a showing from the inmate that "he was misled or that . . . some extraordinary reason . . . prevented [him] from complying with the statutory mandate." Warman, 49 F. App'x at 368.

Here, while it is questionable as to whether Plaintiff properly exhausted his administrative remedies prior to filing the instant action, the Court is unable to make a dispositive determination on this issue with the record before it. For instance, while it appears that Plaintiff concedes that he did not exhaust the administrative grievance procedure, it does appear that he reported the alleged rape to authorities, thereby satisfying the exhaustion requirement. See, e.g., Ingram v. Lane, No. 2:16-cv-1191, 2018 WL 3370673, at *3, *4 (W.D. Pa. May 22, 2018) (providing that plaintiff properly exhausted the administrative remedies pertaining to his allegations of a sexual nature (abuse / harassment) against a staff member via the Prison Rape Elimination Act); Moore v. Lamas, No. 3:12-cv-223, 2017 WL 4180378, at *9, *11 (M.D. Pa. Sept. 21, 2017) (noting that "[m]any District Court opinions in Pennsylvania have found that allegations of abuse do not have to be filed through all levels of the DC-ADM 804 system if the inmate reports abuse through DC-ADM 001," and concluding that "DC-ADM 001 was an appropriate administrative remedy which an inmate could use to exhaust claims of abuse pursuant to the PLRA during the relevant time period"); see also Camacho v. Dean, No. 1:14-cv-01428, 2018 WL 2225177, at *10 (M.D. Pa. Apr. 9, 2018).

### C. Motion to Appoint Counsel

Plaintiff has also filed a motion for the appointment of counsel. (Doc. No. 12.) Although prisoners have no constitutional or statutory right to the appointment of counsel in civil cases, district courts do have broad discretionary power to appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002). In Tabron v. Grace, the Third Circuit developed a non-exhaustive list of factors to aid district courts in determining whether to appoint counsel for such litigants. Tabron v. Grace, 6 F.3d 147, 155-57 (3d Cir. 1993). Such factors include the plaintiff's ability to present his case, the complexity of the legal and discovery issues in the case, the amount of factual investigation that will be required, the necessity of expert witnesses, and whether "witness credibility is a key issue." Id. However, "[a]s a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law." Montgomery, 294 F.3d at 498-99 (citing Tabron, 6 F.3d at 155).

At this time, none of the Tabron factors warrant the appointment of counsel. Specifically, Plaintiff has the apparent ability to litigate this action pro se, as he has thus far managed to file a legible complaint, a motion to appoint counsel, and motions for leave to proceed in forma pauperis. Moreover, Plaintiff does not suggest in his complaint or motion to appoint counsel "that he presently suffers from any impediment unusual to other pro se litigants that appear before this Court." Segura v. Wetzel, Civ. No. 17-0931, 2017 WL 3495184, at *2 (M.D. Pa. Aug. 14, 2017). Instead, Plaintiff simply claims that he cannot obtain counsel because he is incarcerated and lacks funding. (Doc. No. 12 at 1.) Therefore, at this time, this Court declines to appoint counsel for Plaintiff. However, in the event that future proceedings

demonstrate the need for counsel, the matter may be reconsidered by the Court sua sponte or upon a motion properly filed by Plaintiff.

## D. Leave to Amend

Courts are cautioned that because of the liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." Id. The Court must also determine that a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

Based on the foregoing, the Court finds that Plaintiff should be permitted leave to amend his complaint. However, Plaintiff will not be permitted to amend his complaint to add MCCF as a Defendant in this action as any such amendment would be futile. See id. Should Plaintiff elect to file an amended complaint, he is advised that the amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the original complaint or any other document already filed. The amended complaint should set forth his claims in short, concise and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Each paragraph should be numbered. It should specify which actions are alleged as

to which defendants and sufficiently allege personal involvement of the defendant in the acts which he claims violated his rights. Mere conclusory allegations will not set forth a cognizable claim.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motions for leave to proceed in forma pauperis (Doc. Nos. 5, 13), will be granted, and MCCF will be dismissed from this action with prejudice. Plaintiff's motion for appointment of counsel (Doc. No. 12), will be denied without prejudice. Plaintiff's motion for an extension of time to submit a prisoner trust fund account statement (Doc. No. 11), will be denied as moot. Plaintiff will be granted thirty (30) days leave in which to file an amended complaint. Plaintiff's failure to file an amended complaint within the time prescribed above will result in the dismissal of this action for Plaintiff's failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania