IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN A. BROWNLEE, III,<br>    Plaintiff | :<br>: |
|     v. | :    No. 1:18-cv-1318<br>:<br>:    (Judge Kane) |
| MONROE COUNTY CORRECTIONAL<br>FACILITY, et al.,<br>    Defendants | :<br>:<br>: |

**MEMORANDUM**

Before the Court are Plaintiff Jonathan A. Brownlee, III ("Plaintiff")'s motion to anonymize Plaintiff's identity (Doc. No. 38), motion requesting anonymization of sex offender's name (Doc. No. 46), and motion requesting civil action to be filed under seal (Doc. No. 48), as well as the February 13, 2019 letter from Gerald J. Geiger (Doc. No. 40), counsel for the Monroe County Correctional Facility ("MCCF"), indicating that Plaintiff has not participated in the limited discovery period previously granted to him by the Court.

**I.    BACKGROUND**

Plaintiff is currently incarcerated at the Hazelton Federal Correctional Institution in Bruceton Mills, West Virginia, and is proceeding on a civil rights complaint filed pursuant to 42 U.S.C. § 1983 against MCCF, John Doe Correctional Officer 1, and John Doe Correctional Officer 2. (Doc. No. 1.) Plaintiff alleges that while he was incarcerated at MCCF, he was raped by his cellmate after asking the John Doe officers not to place him in the cell with that inmate. (Id. at 2-3.) By Memorandum and Order entered on September 19, 2018, the Court granted Plaintiff leave to proceed in forma pauperis, dismissed MCCF as a defendant, and directed Plaintiff to file an amended complaint within thirty (30) days. (Doc. Nos. 20, 21.) On October 19, 2018, the Court received Plaintiff's Amended Complaint (Doc. No. 26), in which he named

1

John Doe Correctional Officer 1 and John Doe Correctional Officer 2 as the Defendants. Service of the amended complaint was ordered on November 8, 2018. (Doc. No. 28.)

On November 20, 2018, Plaintiff filed a motion for the Court to initiate an investigation to reveal the identities of the accused (Doc. No. 30), in which he sought assistance in identifying the identities of the defendants. Plaintiff indicated that he had in his possession grievance forms and request slips signed by the John Doe Defendants, but that the signatures were illegible. (Id. at 1.) Subsequently, on November 27, 2018, counsel entered a notice of appearance for MCCF (Doc. No. 34) and filed a letter (Doc. No. 35) indicating that because he did not know the identities of the John Doe Defendants, he was unable to enter his appearance or waive service on their behalf. By Order entered on December 12, 2018, the Court construed Plaintiff's motion for the Court to initiate an investigation (Doc. No. 30), as a motion requesting limited discovery for the sole purposes of identifying the John Doe Defendants and, so construed, granted the motion. (Doc. No. 36.) The Court granted Plaintiff ninety (90) days to conduct limited discovery. (Id. at 2.) Accordingly, the limited discovery period ended on March 12, 2019.

On February 13, 2019, Plaintiff filed his motion to anonymize Plaintiff's identity (Doc. No. 38), in which he requests that his identity be rendered anonymous and asks that his name be redacted from all past and future documents. Plaintiff indicates that he makes this request because he "objects to being publicly identified as a victim of sexual assault." (Id. at 1.) MCCF objects to this motion, asserting that Plaintiff has not sufficiently demonstrated that anonymity is justified and that "the time for requesting John Doe status was before there were any filings explaining the circumstances of [P]laintiff's claim." (Doc. No. 41.) In the brief in opposition, MCCF also notes that "Plaintiff has not taken any action to assist defense counsel in identifying

2

whom he wants to sue despite defense counsel's invitation to do so in a letter dated December 17, 2018."[1] (Id. at 1.)

On February 27, 2018, Plaintiff filed his motion requesting anonymization of sex offender's name (Doc. No. 46) and his motion requesting civil action to be filed under seal (Doc. No. 48). In his motion requesting anonymization of sex offender's name, Plaintiff requests that the individual who raped him be referred to by a pseudonym in past and future court documents. (Doc. No. 46 at 1.) Plaintiff asserts that this individual "stated to Plaintiff while committing the rape that the (rapist) individual knows Plaintiff's address where Plaintiff lives and will go to Plaintiff's house to harm Plaintiff if Plaintiff tells authorities about the occurrence." (Id.) In his motion requesting civil action to be filed under seal, Plaintiff requests that this case be placed under seal to prevent "media and news outlets from exploiting the details and subject matter of Plaintiff's rape as a form of entertainment for the public." (Doc. No. 48 at 1.)

## II. PLAINTIFF'S MOTIONS

### A. Motion to Anonymize Plaintiff's Identity

In his motion to anonymize Plaintiff's identity (Doc. No. 38), Plaintiff seeks permission to proceed under either a pseudonym or his initials, and also seeks to have his name redacted from all past case documents.

The Federal Rules of Civil Procedure require that parties identify themselves in their respective pleadings. Fed. R. Civ. P. 10(a). However, "[w]hile not expressly permitted under Federal Rule of Civil Procedure 10(a), in exceptional cases courts have allowed a party to proceed anonymously." Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2011). However, the

---

[1] On February 13, 2019, counsel for MCCF filed a letter indicating that he had not received a response to his December 17, 2018 letter and that the letter had not been returned to him as undeliverable. (Doc. No. 40.)

3

United States Court of Appeals for the Third Circuit has noted that it is not enough for a plaintiff to allege that he will "suffer embarrassment or economic harm" in a request to proceed anonymously. Id. (citing Doe v. C.A.R.S. Protection Plus, Inc., 527 F.3d 358, 371 n.2 (3d Cir. 2008)). Rather, he must show "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate, 596 F.3d 1036, 1043 (9th Cir. 2010).

In Megless, the Third Circuit set forth the following factors favoring anonymity, including:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimately ulterior motives.

Megless, 654 F.3d at 409 (quoting Doe v. Provident Life and Acc. Ins. Co., 176 F.R.D. 464, 467-68 (E.D. Pa. 1997)). Conversely, factors not favoring anonymity include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

Id. (quoting Provident Life, 176 F.R.D. at 467-68).

After weighing these factors, the Court concludes that anonymity is not warranted in this matter. In reaching this conclusion, the Court finds instructive Magistrate Judge Carlson's Memorandum Order in B.L. v. Zong, 3:15-CV-1327, 2017 WL 1036474 (M.D. Pa. Mar. 17, 2017). In that matter, the plaintiff, an incarcerated individual, initially filed suit under the initials

4

B.L. Id. at *1. B.L.'s complaint "described in great detail a pattern of alleged sexual predation committed by a female Correctional Officer, Amber Zong, targeting the plaintiff." Id. In a Report and Recommendation entered on August 30, 2016, Magistrate Judge Carlson noted, inter alia, that B.L.'s counsel either needed to comply with Rule 10 by fully and properly identifying her client or by seeking leave for B.L. to proceed anonymously. B.L. v. Zong, 3:15-CV-1327, 2016 WL 11269933, at *12-13 (M.D. Pa. Aug. 30, 2016), Report and Recommendation adopted as modified by B.L. v. Lamas, 2017 WL 592226 (M.D. Pa. Feb. 14, 2017). Thus, counsel filed the motion for leave considered by Magistrate Judge Carlson in his Memorandum Order.

Magistrate Judge Carlson recognized that B.L.'s case "involve[d] allegations of a sexual nature, a field where courts have in the past shown some solicitude to parties' privacy." Zong, 2017 WL 1036474, at *3. He also noted that "for B.L. disclosure of his sexual contacts with correctional staff could potentially expose him to some ridicule and harassment." Id. On the other hand, Magistrate Judge Carlson noted that B.L.'s identity was publicly disclosed in court filings during Zong's criminal prosecution. Id. Moreover, the record reflected that B.L. "allegedly disclosed details of these sexual encounters to others," thus not permitting the Court to find that B.L. "ha[d] treated [the] incident as the type of matter of 'utmost intimacy' which warrant[ed] proceeding under a pseudonym." Id. at *4. Magistrate Judge Carlson further noted that "B.L.'s decision to bring these claims in federal court presents issues of paramount public interest and importance relating both to the conduct of public officials, and institutional safety in state prisons. These important public interests mitigate in favor of full disclosure and transparency." Moreover, he stated, "there is something inappropriately asymmetrical about litigation that allows one party, acting anonymously, to name eighteen individuals as defendants

5

and then accuse those eighteen persons of grave misconduct while the accuser's identity remains shrouded in secrecy." Id.

Here, the Court recognizes that Plaintiff's complaint involves allegations of sexual assault by another inmate, which could "potentially expose him to some ridicule and harassment." Id. at *3. However, like in Zong, the Court notes that Plaintiff's decision to raise his claims in this Court "presents issues of paramount public interest and importance relating both to the conduct of public officials, and institutional safety in [county] prisons." Id. at *4. Plaintiff's belief that his sexual assault will become "entertainment for the public" (Doc. No. 44 at 2), simply does not overcome the strong presumption against allowing parties to use a pseudonym. Accordingly, Plaintiff's motion to anonymize Plaintiff's identity (Doc. No. 38), will be denied.

### B. Motion Requesting Anonymization of Sex Offender's Name

Plaintiff also requests anonymization for his alleged rapist, arguing that the inmate who allegedly raped him has threatened to do him harm. (Doc. No. 46 at 1.) As an initial matter, the name of the inmate who allegedly raped Plaintiff appears nowhere in the record before the Court. Even so, using the factors set forth above, the Court concludes that Plaintiff has not demonstrated that anonymity of his alleged rapist is warranted. Accordingly, Plaintiff's motion requesting anonymization of sex offender's name (Doc. No. 46), will be denied.[2]

---

[2] Indeed, the Court notes that in a prisoner § 1983 suit pending before Magistrate Judge Mehalchick involving an inmate-on-inmate sexual assault, the names of the plaintiff (who initially referred to himself as R.B. without leave of court) and his rapist appear throughout the record. See generally Bloom v. Hollibaugh, No. 1:16-cv-1075 (M.D. Pa.).

6

### C. Motion Requesting Civil Action to be Filed Under Seal

As noted above, Plaintiff seeks for this entire case to be placed under seal to prevent "media and news outlets from exploiting the details and subject matter of Plaintiff's rape as a form of entertainment for the public." (Doc. No. 48 at 1.) The Third Circuit has noted, however, that "[its] 'strong presumption' of openness does not permit the routine closing of judicial records to the public." Miller v. Indiana Hosp., 16 F.3d 549, 551 (3d Cir. 1994). Rather, the party "seeking to seal any part of a judicial record bears the heavy burden of showing that 'the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'" Id. (quoting Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)). Moreover, "[a] party who seeks to seal an entire record faces an even heavier burden." Id. (emphasis in original). Here, Plaintiff's speculation that the media will "exploit" this matter to provide public entertainment is simply too speculative to justify sealing this entire case. Plaintiff simply has not met his burden of demonstrating that this entire case should be sealed. Accordingly, his motion requesting civil action to be filed under seal (Doc. No. 48) will be denied.

### III. LIMITED DISCOVERY PERIOD

As noted above, by Order entered on December 12, 2018, the Court construed Plaintiff's motion for the Court to initiate an investigation to reveal the identities of the Defendants as a motion for limited discovery and, so construed, granted the motion. (Doc. No. 36.) Plaintiff was granted ninety (90) days to conduct limited discovery to identify the John Doe Defendants. (Id.) The record reflects that on December 17, 2018, Gerald J. Geiger, counsel for MCCF, sent Plaintiff a letter asking him to provide copies of the "two request[] forms with officer[s'] signatures" so that he could attempt to identify those officers. (Doc. No. 40 at 3.) In a letter to

the Court dated February 13, 2019, Mr. Geiger indicated that the letter was not returned to him and that he had not received a response from Plaintiff. (Id. at 2.)

The ninety (90)-day period ended on March 12, 2019, and the Court has received no information from Plaintiff regarding the names of the John Doe Defendants. Plaintiff is advised that if he is unable to identify the names of the John Doe Defendants, the Court may not be able to continue processing his claims against them. In light of Plaintiff's pro se status, the Court will grant him an additional thirty (30) days to conduct limited discovery to identify the John Doe Defendants. At the end of that thirty (30)-day period, Plaintiff must update the Court as to the status of his attempts to identify the Defendants.

## IV. CONCLUSION

For the reasons set forth above, the Court will deny Plaintiff's motion to anonymize Plaintiff's identity (Doc. No. 38), motion requesting anonymization of sex offender's name (Doc. No. 46) and motion requesting civil action to be filed under seal (Doc. No. 48). Moreover, Plaintiff will be granted an additional thirty (30) days to conduct limited discovery to identify the John Doe Defendants. An appropriate Order follows.